```
               UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )    CRIMINAL NO. 05CR 10125 WGY
                            )
        v.                  )    VIOLATIONS:
                            )    26 U.S.C. §7201
MARY LEMPITSKI,             )    (Federal Income Tax Evasion)
        Defendant           )
```

**INDICTMENT**

The Grand Jury charges that:

**GENERAL ALLEGATIONS**

1. At all relevant times, MARY LEMPITSKI, defendant herein, resided in Massachusetts.

2. At all relevant times, MARY LEMPITSKI, defendant herein, was the Manager and/or Superintendent of Revenue Collection for the Massachusetts Bay Transportation Authority ("MBTA"). In that capacity, MARY LEMPITSKI oversaw the operations of a facility known as the MBTA "Money Room," located in Charlestown, Massachusetts. At all relevant times, the MBTA Money Room was the central cash repository for revenues collected by the MBTA on a daily basis. At all relevant times, the MBTA Money Room routinely contained hundreds of thousands of dollars in uncounted and unregistered cash.

3. During calendar years 2000, 2001, and 2002, MARY

LEMPITSKI made cash expenditures at Nieman Marcus, Saks Fifth Avenue, Gucci, and other businesses totaling at least $24,889, $97,296, and $145,209, respectively. The bulk of those cash expenditures were made to purchase designer jewelry, clothing, shoes, and cosmetics for MARY LEMPITSKI's personal use. In calendar years 2000 and 2001, MARY LEMPITSKI's cash expenditures at Saks Fifth Avenue alone were at least $21,717 and $43,428, respectively. In calendar year 2002, MARY LEMPITSKI's cash expenditures at Nieman Marcus were at least $87,984. MARY LEMPITSKI's cash expenditures at Gucci in calendar year 2002 were at least $18,720.

4.   MARY LEMPITSKI's cash withdrawals and other documented and declared sources of cash in calendar years 2000 through 2002 do not account for her cash expenditures in those years as set forth in paragraph 3.

## COUNTS ONE THROUGH TWO
(Tax Evasion - 26. U.S.C. §7201)

5.   The Grand Jury re-alleges and incorporates by reference paragraphs 1-4 of this Indictment and further charges that:

On or about the dates set forth below, in the District of Massachusetts,

**MARY LEMPITSKI,**

defendant herein, willfully attempted to evade and defeat a substantial portion of the income tax due and owing by her and her spouse to the United States of America for the calendar years set forth below, by filing and causing to be filed with the Internal Revenue Service Center, at Andover, Massachusetts, false and fraudulent joint U.S. Individual Income Tax Returns, Forms 1040, on behalf of herself and her spouse, wherein it was stated that their joint taxable income for said calendar years were the sums set out below and that the amount of taxes due and owing were the sums set out below, whereas

**MARY LEMPITSKI,**

defendant herein, then and there well knew, their joint taxable income for the respective calendar years was substantially greater than the amounts reported to the Internal Revenue Service and, as a result, the income taxes due and owing to the United States of America substantially exceeded the following:

| **Count** | **Tax Year** | **Filing Date** | **Taxable Income Per Tax Return** | **Tax Reported Per Return** |
|---|---|---|---|---|
| 1 | 2000 | 4/15/2001 | $71,578 | $14,341 |
| 2 | 2001 | 4/15/2001 | $77,542 | $15,669 |

All in violation of Title 26, United States Code, Section 7201.

## COUNT THREE
## (Tax Evasion - 26 U.S.C. §7201)

6. The Grand Jury re-alleges and incorporates by reference paragraphs 1-4 of this Indictment and further charges that:

On or about the dates set forth below, in the District of Massachusetts,

**MARY LEMPITSKI,**

defendant herein, willfully attempted to evade and defeat a substantial portion of the income tax due and owing by her to the United States of America for the calendar years set forth below, by filing and causing to be filed with the Internal Revenue Service Center, at Andover, Massachusetts, false and fraudulent U.S. Individual Income Tax Returns, Forms 1040, on behalf of herself, wherein it was stated that her taxable income for said calendar year was the sum set out below and that the amount of taxes due and owing was the sum set out below, whereas

**MARY LEMPITSKI,**

defendant herein, then and there well knew, her taxable income for the respective calendar year was substantially greater than the amount reported to the Internal Revenue Service and, as a result, the income taxes due and owing to the United

States of America substantially exceeded the following:

| **Count** | **Tax Year** | **Filing Date** | **Taxable Income Per Tax Return** | **Tax Reported** |
|---|---|---|---|---|
| 3 | 2002 | 4/15/2003 | $61,274 | $12,890 |

All in violation of Title 26, United States Code, Section 7201.

**FORFEITURE ALLEGATION: 26 U.S.C. §7301 and 28 U.S.C. §2461**

**(Criminal Forfeiture)**

The Grand Jury further alleges that:

1. As a result of committing the offenses alleged in Counts One through Three, charging tax evasion, in violation of 26 U.S.C. §7201,

**MARY LEMPITSKI,**

defendant herein, upon conviction, shall forfeit to the United States, pursuant to 26 U.S.C. §7301 and 28 U.S.C. §2461:

(A) any and all property on which, or for or in respect whereof, any tax is imposed by the Internal Revenue Code which is found in her possession or custody or within her control, for the purpose of being sold or removed by her in fraud of the internal revenue laws, or with design to avoid payment of such tax, or which is removed, deposited, or concealed, with intent to defraud the United States of such tax or any part thereof and;

(B) any property (including aircraft, vehicles, vessels, or draft animals) used to transport or for the deposit or concealment of property described in subparagraph A

2. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

(a) cannot be located upon the exercise of due

diligence;

(b) has been transferred or sold to, or deposited with, a third party;

(c) has been placed beyond the jurisdiction of the Court;

(d) has been substantially diminished in value; or

(e) has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to 21 U.S.C. §853(p), as incorporated by 28 U.S.C. §2461(c), to seek forfeiture of any other property of the defendant up to the value of the above forfeitable property,

All in accordance with Title 26, United States Code, Section 7301, Title 28, United States Code, Section 2461 and Rule 32.2(a), Federal Rules of Criminal Procedure.

A TRUE BILL

/s/ Roger Allen
FOREPERSON OF THE GRAND JURY


/s/ Emily Schulman
EMILY R. SCHULMAN
Assistant United States Attorney


DISTRICT OF MASSACHUSETTS        12 May        , 2005

Returned into the District Court by the Grand Jurors and filed.

/s/ [signature]
DEPUTY CLERK    @ 4:00 pm

&JS 45 (5/97) - (Revised USAO MA 6/29/04)      05 CR 1 0125 WGY

**Criminal Case Cover Sheet**                                  U.S. District Court - District of Massachusetts

**Place of Offense:** Boston          **Category No.** II          **Investigating Agency** IRS

**City** Boston                       **Related Case Information:**

**County** Suffolk                    Superseding Ind./ Inf. _____   Case No. _____
                                      Same Defendant _____    New Defendant _____
                                      Magistrate Judge Case Number _____
                                      Search Warrant Case Number _____
                                      R 20/R 40 from District of _____

**Defendant Information:**

Defendant Name   Mary E. Lempitski           Juvenile   ☐ Yes   ☒ No

Alias Name   _____

Address   58 Carolina Avenue   Jamaica Plain, MA 02130

Birth date (Year only): _____   SSN (last 4 #): 1218   Sex F   Race: Caucasian   Nationality: U.S.A.

**Defense Counsel if known:**   Daniel Cloherty, Esq.        Address: 600 Atlantic Avenue
                                                                      Boston, MA 02210
**Bar Number:** _____

**U.S. Attorney Information:**

AUSA   Emily R. Schulman          Bar Number if applicable _____

Interpreter:   ☐ Yes  ☒ No        List language and/or dialect: _____

Matter to be SEALED:   ☐ Yes  ☒ No

☐ Warrant Requested      ☒ Regular Process      ☐ In Custody

**Location Status:**

**Arrest Date:** _____

☐ Already in Federal Custody as _____ in _____.
☐ Already in State Custody _____   ☐ Serving Sentence   ☐ Awaiting Trial
☐ On Pretrial Release:   Ordered by _____ on _____

**Charging Document:**   ☐ Complaint   ☐ Information   ☒ Indictment

**Total # of Counts:**   ☐ Petty ___   ☐ Misdemeanor ___   ☒ Felony 3

Continue on Page 2 for Entry of U.S.C. Citations

☐   I hereby certify that the case numbers of any prior proceedings before a Magistrate Judge are accurately set forth above.

Date: 5/12/05        Signature of AUSA: Emily Schulman

JS 45 (5/97) - (Revised USAO MA 3/25/02) Page 2 of 2 or Reverse

**District Court Case Number** (To be filled in by deputy clerk): _____

**Name of Defendant**    Mary E. Lempitski

U.S.C. Citations

| | Index Key/Code | Description of Offense Charged | Count Numbers |
|---|---|---|---|
| Set 1 | 26 U.S.C. § 7201 | Tax Evasion | 1 |
| Set 2 | 26 U.S.C. § 7201 | Tax Evasion | 2 |
| Set 3 | 26 U.S.C. § 7201 | Tax Evasion | 3 |
| Set 4 | | | |
| Set 5 | | | |
| Set 6 | | | |
| Set 7 | | | |
| Set 8 | | | |
| Set 9 | | | |
| Set 10 | | | |
| Set 11 | | | |
| Set 12 | | | |
| Set 13 | | | |
| Set 14 | | | |
| Set 15 | | | |

**ADDITIONAL INFORMATION:**