UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| v. | ) | Criminal No. 05-10125 WGY |
| MARY LEMPITSKI, | ) | |
| Defendant. | ) | |

NOTICE OF PLEA AGREEMENT

The United States, by its undersigned counsel, hereby notifies the Court that the defendant and the United States Attorney have entered into an agreements for defendant to tender a plea of guilty pursuant to Fed. R. Crim. P. 11(c)(1)(B).  A copy of the agreement is attached.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

dated:  January 24, 2006

By: */s/ Paul G. Levenson*
PAUL G. LEVENSON
Assistant U.S. Attorney
John Joseph Moakley United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
(617) 748-3147

CERTIFICATE OF SERVICE

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and that paper copies will be sent to those indicated as non registered participants on this date.

dated:  January 24, 2006

*/s/ Paul G. Levenson*
PAUL G. LEVENSON



U.S. Department of Justice

*Michael J. Sullivan*
*United States Attorney*
*District of Massachusetts*

---

*Main Reception: (617) 748-3100*

*John Joseph Moakley United States Courthouse*
*1 Courthouse Way*
*Suite 9200*
*Boston, Massachusetts 02210*

January 18, 2006

Daniel J. Cloherty, Esq.
Dwyer & Collora, LLP
600 Atlantic Avenue
Boston, Massachusetts 02210

      re:  <u>United States v. Mary Lempitski, Criminal No. 05-10125 WGY</u>

Dear Mr. Cloherty:

This letter sets forth the Agreement between the United States Attorney for the District of Massachusetts ("the U.S. Attorney") and your client, Mary Lempitski ("Defendant"), in the above-captioned case. The Agreement is as follows:

    1.    <u>Change of Plea</u>

At the earliest practicable date, Defendant shall plead guilty to Counts 1 through 3 of the above-captioned Indictment. Defendant expressly and unequivocally admits that she in fact knowingly, intentionally and willfully committed the crimes charged in Counts 1 through 3 the Indictment, and is in fact guilty of those offenses. The United States agrees to dismiss the Forfeiture Allegation of the Indictment.

    2.    <u>Penalties</u>

Defendant faces the following maximum penalties on each count of the indictment:

5 years imprisonment;
$250,000 fine;
3 years supervised release; and
$100 special assessment.

3.  Sentencing Guidelines

The sentence to be imposed upon Defendant is within the discretion of the sentencing Court, subject to the statutory maximum penalties set forth above, and the provisions of the Sentencing Reform Act and the United States Sentencing Guidelines promulgated thereunder, as modified by United States v. Booker and United States v. Fanfan, 125 S.Ct. 738, 2005 WL 50108 (January 12, 2005). In imposing the sentence, the Court must consult and take into account the United States Sentencing Guidelines, along with the other factors set forth in 18 U.S.C. §3553(a).

(a)  The United States agrees to take the following positions at sentencing with respect to the calculation of the United States Sentencing Guidelines:

   i.   The applicable version of the United States Sentencing Guidelines includes amendments effective November 1, 2002.

   ii.  The Tax Loss at issue in this case (including relevant conduct associated with the 2003 tax year) is approximately $97,540, and thus is greater than $80,000 but less than $200,000.

   iii. The offense level should be calculated as follows:

        §2T1.1  Tax Evasion

        (a)(1)  Level from §2T4.1 (Tax Table) corresponding to the tax loss
                (>$80,000 and <$200,000) .............................. 16

   iv.  Apart from acceptance of responsibility (addressed below), no other adjustments apply.

(b)  Defendant reserves the right to argue that the Tax loss at issue in this case is less than $80,000.

(c)  The U.S. Attorney reserves his right to fully inform the Court and the Probation Office with regard to any and all allegations of misconduct by Defendant, including conduct not charged in the Indictment.

(d)  The U.S. Attorney and Defendant agree that neither the U.S. Attorney nor Defendant will seek a departure on any ground from the Sentencing Guidelines. Both parties, however, remain free to ask the Court to deviate from the Sentencing Guidelines, pursuant to Booker and Fan Fan, consistent with their agreement regarding their respective maximum and minimum recommendations regarding sentence.

(e)     Based on Defendant's prompt acceptance of personal responsibility for the offenses of conviction in this case, and information known to the U.S. Attorney at this time, the U.S. Attorney agrees to recommend that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1.

The U.S. Attorney specifically reserves the right not to recommend a reduction under U.S.S.G. § 3E1.1 if, at any time between her execution of this Agreement and sentencing Defendant:

(i)     Fails to admit a complete factual basis for the plea;

(ii)    Fails to truthfully admit her conduct in the offenses of conviction;

(iii)   Falsely denies, or frivolously contests, relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(iv)    Fails to provide truthful information about her financial status;

(v)     Gives false or misleading testimony in any proceeding relating to the criminal conduct charged in this case and any relevant conduct for which Defendant is accountable under U.S.S.G. § 1B1.3;

(vi)    Engages in acts which form a basis for finding that Defendant has obstructed or impeded the administration of justice under U.S.S.G. § 3C1.1;

(vii)   Intentionally fails to appear in Court or violates any condition of release;

(viii)  Commits a crime;

(ix)    Transfers any asset protected under any provision of this Agreement; and/or

(x)     Attempts to withdraw her guilty plea.

Defendant expressly understands that she may not withdraw her plea of guilty if, for any of the reasons listed above, the U.S. Attorney does not recommend that she receive a reduction in Offense Level for acceptance of responsibility.

Defendant expressly understands that, in addition to declining to recommend an acceptance-of-responsibility adjustment, the Government may seek an upward adjustment pursuant to U.S.S.G. § 3C1.1 if Defendant obstructs justice after date of this Agreement.

4. Sentence Recommendation

    (a)    Provided that the U.S. Attorney recommends that the Court reduce by three levels Defendant's Adjusted Offense Level under U.S.S.G. § 3E1.1, the U.S. Attorney agrees to recommend the following sentence before the District Court:

        (i)    A term of incarceration not lower than 12, nor higher than 18, months;

        (ii)    a fine not lower than $3,000 and not higher than $30,000;

        (iii)    $300 Mandatory special assessment;

        (iv)    3 years supervised release, subject to the conditions listed below.

    (b)    Defendant agrees to recommend the following sentence:

        (i)    A term of incarceration of not less than five months, plus 5 months of home detention;

        (ii)    a fine not lower than $3,000;

        (iii)    $300 Mandatory special assessment;

        (iv)    3 years supervised release, subject to the conditions listed below.

    (c)    The U.S. Attorney and Defendant agree jointly to recommend that any sentence in this case include a term of supervised release, subject to the following conditions:

    Defendant must, within six months of sentencing or release from custody, whichever is later:

        (i)    Cooperate with the Examination and Collection Divisions of the Internal Revenue Service;

        (ii)    Provide to the Examination Division all financial information necessary to determine Defendant's prior tax liabilities;

        (iii)    Provide to the Collection Division all financial information necessary to determine Defendant's ability to pay;

        (iv)    File accurate and complete tax returns for those years for which returns were not filed or for which inaccurate returns were filed; and

        (v)    Make a good faith effort to pay all delinquent and/or additional taxes, interest and penalties.

    (d)    In the event of an appeal from, or collateral challenge to, Defendant's sentence, the U.S. Attorney reserves his right to argue the correctness of Defendant's sentence and the manner in which the District Court determines it.

    5.    <u>Payment of Mandatory Special Assessment</u>

Defendant agrees to pay the mandatory special assessment to the Clerk of the Court on or before the date of sentencing, unless Defendant establishes to the satisfaction of the Court that Defendant is financially unable to do so.

    6.    <u>Waiver of Hyde Amendment Claim</u>

Defendant is aware that 111 Stat. 2440, 2520 (1997), the so-called "Hyde Amendment," authorizes courts in criminal cases to award to certain prevailing defendants attorneys' fees and other litigation expenses. In exchange for concessions made by the U.S. Attorney in this Agreement, Defendant voluntarily and knowingly waives any claim that she might assert under this statute based in whole or in part on the U.S. Attorney's agreement in paragraph 1 to dismiss the Forfeiture Allegation in the Indictment.

    7.    <u>Court Not Bound By Agreement</u>

The sentencing recommendations made by the parties and their respective calculations under the Sentencing Guidelines are not binding upon the U.S. Probation Office or the sentencing judge. Within the maximum sentence which Defendant faces under the applicable law, the sentence to be imposed is within the sole discretion of the sentencing judge. Defendant's plea will be tendered pursuant to Fed. R. Crim. P. 11(c)(1)(B). Defendant may not withdraw her plea of guilty regardless of what sentence is imposed. Nor may Defendant withdraw her plea because the U.S. Probation Office or the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the parties. In the event that the sentencing judge declines to follow the Sentencing Guidelines calculations or recommendations of the U.S. Attorney, the U.S. Attorney reserves the right to defend the sentencing judge's calculations and sentence in any subsequent appeal or collateral challenge.

    8.    <u>Information For Presentence Report</u>

Defendant agrees to provide all information requested by the U.S. Probation Office concerning her assets.

9. <u>Civil Liability</u>

By entering into this Agreement, the U.S. Attorney does not compromise any civil liability, including but not limited to any tax liability, which Defendant may have incurred or may incur as a result of her conduct and her plea of guilty to the charges specified in paragraph 1 of this Agreement. Defendant agrees to cooperate with employees of the IRS, the Civil Division of the U.S. Attorney's Office, and law enforcement agents working with attorneys in the Civil Division of the U.S. Attorney's Office, in making an assessment of her civil liabilities. Defendant specifically authorizes release by the IRS-CI and other investigative agencies to the aforementioned agencies and their representatives of information for purposes of making that assessment. Defendant further agrees to assent to the filing and allowance of a motion under Rule 6(e) of the Federal Rules of Criminal Procedure, to permit the disclosure of matters occurring before the grand jury for this purpose.

10. <u>Rejection of Plea By Court</u>

Should Defendant's guilty plea not be accepted by the Court for whatever reason, or later be withdrawn on motion of Defendant, this Agreement shall be null and void at the option of the U.S. Attorney.

11. <u>Breach of Agreement</u>

If the U.S. Attorney determines that Defendant has failed to comply with any provision of this Agreement, has violated any condition of her pretrial release, or has committed any crime following her execution of this Agreement, the U.S. Attorney may, at her sole option, be released from her commitments under this Agreement in their entirety by notifying Defendant, through counsel or otherwise, in writing. The U.S. Attorney may also pursue all remedies available to him under the law, irrespective of whether he elects to be released from his commitments under this Agreement. Further, the U.S. Attorney may pursue any and all charges which have been, or are to be, dismissed pursuant to this Agreement. Defendant recognizes that no such breach by her of an obligation under this Agreement shall give rise to grounds for withdrawal of her guilty plea. Defendant understands that, should she breach any provision of this agreement, the U.S. Attorney will have the right to use against Defendant before any grand jury, at any trial or hearing, or for sentencing purposes, any statements which may be made by her, and any information, materials, documents or objects which may be provided by her to the government subsequent to this Agreement, without any limitation. In this regard, Defendant hereby waives any defense to any charges which she might otherwise have under any statute of limitations or the Speedy Trial Act.

16. Who Is Bound By Agreement

This Agreement is limited to the U.S. Attorney for the District of Massachusetts, and cannot and does not bind the Attorney General of the United States or any other federal, state or local prosecutive authorities.

17. Complete Agreement

... ...Obi- lectern the original of this letter to Assistant U.S. Attorney Paul G. Levenson.

Very truly yours,

MICHAEL J. SULLIVAN
United States Attorney

By: /s/ Diane Freniere
DIANE C. FRENIERE, Chief
White Collar Crime Section

PAUL G. LEVENSON
Assistant U.S. Attorney


ACKNOWLEDGMENT OF PLEA AGREEMENT

I have read this letter in its entirety and discussed it with my attorney. I hereby acknowledge that it fully sets forth my agreement with the United States Attorney's Office for the District of Massachusetts. I further state that no additional promises or representations have been made to me by any official of the United States in connection with this matter. I understand the crimes to which I have agreed to plead guilty, the maximum penalties for those offenses and Sentencing Guideline penalties potentially applicable to them. I am satisfied with the legal representation provided to me by my attorney. We have had sufficient time to meet and discuss my case. We have discussed the charges against me, possible defenses I might have, the terms of

7

of this Plea Agreement and whether I should go to trial. I am entering into this Agreement freely, voluntarily, and knowingly because I am guilty of the offenses to which I am pleading guilty and I believe this Agreement is in my best interest.

*[signature]*
MARY LEMPITSKI
Defendant

Date: January 20, 2006

I certify that Mary Lempitski has read this Agreement and that we have discussed its meaning. I believe she understands the Agreement and is entering into the Agreement freely, voluntarily and knowingly.

*[signature]*
DANIEL J. CLOHERTY, ESQ.
Attorney for Defendant Mary Lempitski

Date: 1/20/06

8